**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LEIGHTON FAY,**

                **Petitioner,**

      v.                                                        **CASE NO. 10-3015-SAC**

**UNITED STATES OF AMERICA,**

                **Respondent.**

<u>**O R D E R**</u>

This matter is before the court on pro se pleading submitted by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, seeking relief from the United States of America as the sole respondent named in the pleading. Also before the court is petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

Because petitioner asserts jurisdiction under the all writs act, 28 U.S.C. § 1651 and § 1361,[1] and specifically titles page 3 of

---

[1] Petitioner cites other statutes for jurisdiction, but none appear to be actionable on the face of petitioner's pleading.
    Specifically, petitioner asserts jurisdiction under 28 U.S.C. § 1331 and 1343(3), typical of a an action seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for the alleged violation of one's constitutional rights. Where the United States is the sole respondent, and given the nature of petitioner's allegations and the specific relief being sought, the court finds no sound basis for petitioner to proceed under <u>Bivens</u> in this matter.
    Petitioner's assertion of jurisdiction under 42 U.S.C. §§ 1881 and 1882, which concern awards to be made by the President and the National Science Foundation, is frivolous. To the extent petitioner intends instead to assert jurisdiction under 42 U.S.C. §§ 1981, 1982, and 1985, the court finds any such claim would be frivolous as

his pleading as a "PETITION FOR A WRIT OF MANDAMUS TO A UNITED STATES DISTRICT COURT - FEDERAL," the court liberally construes this pro se pleading as seeking mandamus relief, for which a $5.00 district court filing fee applies. Because the mandamus relief being sought does not relate to the disposition of a pending habeas action, petitioner's payment of the $5.00 district court filing fee is subject to the filing fee provisions in 28 U.S.C. § 1915(b) as amended by the Prison Litigation Reform Act (PLRA) in 1996.[2]

Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is required to pay the full district court filing fee in this mater, as provided by payment of an initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and by automatic payments thereafter from petitioner's trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Having reviewed petitioner's financial resources, the court finds the initial partial filing that would be imposed under § 1915(b)(1) exceeds the $5.00 district court filing fee in this mandamus action. Accordingly, petitioner's motion for leave to proceed in forma pauperis is provisionally granted, subject to petitioner's payment of the entire $5.00 district court filing fee. The failure to do so in a timely manner may result in the petition being dismissed without prejudice and without further prior notice

---

well.
    Petitioner's assertion of jurisdiction under the criminal statute 18 U.S.C. § 242 is likewise rejected because the alleged violation of a criminal statute does not give rise to a private right of action.

    [2]Compare York v. Terrell, 2009 WL 2219276 (10th Cir. July 27, 2009)(unpublished)(mandamus action on claims interrelated to a habeas action was not "a civil action" as contemplated by 28 U.S.C. § 1915(b) for application of the filing fee requirements imposed by PLRA); In re Phillips, 133 F.3d 770 (10th Cir. 1998).
2

to petitioner.

*Summary Dismissal, 28 U.S.C. § 1915(e)(2)(B)*

Petitioner appears to be serving a criminal sentence imposed by the United States District Court in the District of South Dakota. Petitioner claims separate sovereign status under the Fort Laramie Treaty of 1851, asserts a claim of actual innocence, and maintains his confinement in the District of Kansas is thereby unconstitutional. He seeks the restoration of his liberty, and damages for the alleged violation of his rights under the Fifth and Fourteenth Amendments.

Mandamus is an "extraordinary remedy" that will "issue only to compel the performance of a clear nondiscretionary duty." Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988)(quotation omitted). "To grant mandamus relief, the court must find: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988). It is well settled that one seeking a writ of mandamus must be able to show, by clear and indisputable evidence, that the writ should issue. Mallard v. United States, 490 U.S. 296, 309 (1989).

In the present case, petitioner makes no showing that satisfies any of these three requirements. Petitioner may not use mandamus to avoid restrictions on pursuing habeas corpus relief, and it appears the South Dakota District Court previously considered and rejected petitioner's claims. *See* Fay v. Thornburgh, 1992 WL 63394 (D.S.D.), *affirmed*, 980 F.2d 734 (8th Cir. 1992)(Table), *cert. denied*, 508 U.S. 954 (1993). Moreover, damages are not available in mandamus,

and petitioner's prayer for monetary relief would be barred by sovereign immunity. *See* United States v. Orleans, 425 U.S. 807 (1976)(unless immunity is waived, sovereign immunity protects U.S. government from suit); Bivens, 403 U.S. at 410 (United States has not waived its sovereign immunity for constitutional torts).

The court thus finds this mandamus action is subject to being summarily dismissed as frivolous. See Green v. Nottingham, 90 F.3d 415, 417-18 (10th Cir. 1996)(PLRA amendments to 28 U.S.C. § 1915 apply to petitions for writ of mandamus); Gabriel v. U.S. Parole Com'n, 319 Fed.Appx. 742 (10th Cir. 2009)(unpublished)(affirming dismissal of mandamus petition as frivolous under § 1915(e)(2)(B)).

To the extent petitioner is attempting to now challenge the validity of his federal conviction and sentence, relief is limited to that available in a motion filed under 28 U.S.C. § 2255 in the sentencing court. *See* Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)(a petition under § 2255 attacks the validity of the conviction and sentence, and must be brought before the court that imposed the sentence). Because it appears petitioner previously filed a § 2255 motion which the South Dakota District Court denied, petitioner is reminded he must seek and obtain authorization from the Eighth Circuit Court of Appeals to pursue a second or successive § 2255 motion in the South Dakota District Court. *See* 28 U.S.C. § 2244(a)("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in

section 2255.").

### Notice and Show Cause Order to Petitioner

Accordingly, the court directs petitioner to pay the $5.00 district court filing fee, and to show cause why this mandamus action should not be summarily dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice to petitioner.[3]

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, and petitioner is granted thirty (30) days to pay the $5.00 district court filing fee as required by 28 U.S.C. § 1915(b)(1).

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to show cause why the petition should not be summarily dismissed as legally frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**

DATED: This 4th day of February 2010 at Topeka, Kansas.

                               s/ Sam A. Crow
                               SAM A. CROW
                               U.S. Senior District Judge

---

[3] Petitioner is advised that dismissal of this action as frivolous will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."